IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald R. Walker-Bey,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Kimberly Clark Corporation,<br><br>　　　　Defendant. | C/A No.: 1:23-cv-6107-SAL<br><br><br>**ORDER** |

　　　　Plaintiff Donald R. Walker-Bey originally filed this action in November 2023. But despite being given many extensions to properly serve the summons and complaint on Defendant Kimberly Clark Corporation ("Kimberly Clark"), he has not done so. This matter is before the court for review of the September 2025 Report and Recommendation by United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 53.] In the Report, Judge Hodges recommends this case be dismissed without prejudice for failure to effect service of process as directed in Fed. R. Civ. P. 4(m). *Id.* at 10. She further recommends denying a motion for default judgment filed by Walker-Bey. *Id.*

　　　　Attached to the Report was a notice advising Walker-Bey of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 11. Walker-Bey objects to the recommendation, claiming he has served Defendant. [ECF No. 57.]

## FACTUAL AND PROCEDURAL BACKGROUND

The Report details the relevant facts and standards of law, which the court adopts. *See* ECF No. 53. To summarize, on January 3, 2024, Judge Hodges authorized service of process as to Kimberly Clark, and a summons was issued that same day, making service of process due by April 2, 2024. *See* ECF Nos. 15, 16, 17. But because Walker-Bey initially did not realize he was required to serve Kimberly Clark, Judge Hodges extended the service deadline to June 20, 2024, and expressly directed him to Federal Rule of Civil Procedure 4, which governs service of process. *See* ECF Nos. 29, 30.

On June 6, 2024, Walker-Bey filed a certified mail receipt; however, the receipt did not reflect that the return receipt was requested or that delivery was restricted. *See* ECF Nos. 32, 33. In response, Judge Hodges again explained the federal and state requirements for proper service, and she again extended the service deadline—this time to September 6, 2024. [ECF No. 33.]

On October 7, 2024, having received no confirmation from Walker-Bey that service had been properly effected, Judge Hodges recommended dismissal without prejudice for failure to effect service of process. [ECF No. 35.] Walker-Bey objected and offered additional documentation. *See* ECF No. 38, 41. Because it remained unclear whether service had been properly completed, the court directed Plaintiff to provide all documentation related to service along with any further explanation that could be helpful. [ECF No. 41.]

Walker-Bey provided the requested information but had still failed to fully comply with the applicable rules of service. [ECF No. 44.] Out of an abundance of caution, this court recommitted the matter to Judge Hodges to afford Walker-Bey another opportunity to properly serve Kimberly Clark. *Id.*

On July 2, 2025, Judge Hodges issued an order permitting Walker-Bey until August 8, 2025, to properly serve Kimberly Clark. [ECF No. 47.] In her order, she detailed what Walker-Bey should do to ensure he properly served the summons and complaint. *Id.*

Walker-Bey complied with the court's directive but still failed to follow the federal and state rules for proper service of process. Despite having failed to properly serve Kimberly Clark, Walker-Bey moves for a default judgment. [ECF No. 52.] The Report recommends Walker-Bey's motion be denied and that this case be dismissed without prejudice. [ECF No. 53.]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report's recommendation and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . .

3

this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding pro se, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).

## DISCUSSION

As stated above, this court has given Walker-Bey ample opportunity and extensive guidance to properly serve Kimberly Clark. Nevertheless, Walker-Bey has failed to properly serve Kimberly Clark. Under Fed. R. Civ. P. 4(m), the court must dismiss this case without prejudice.

In his objection, Walker-Bey filed an "affidavit of truth/offer of proof and default judgment." [ECF No. 57.] There, he asserts that he mailed the summons and complaint to the Interim President/CEO in Beech Island, South Carolina on two occasions and to Michael D. Hsu/CEO and Viviane Cury (Human Resources) in Irving, Texas. *See id.* at 2. Specifically, he provides screenshots of the mail receipts and USPS Tracking information. *Id.* As thoroughly explained in the Report, however, it is insufficient to send something "Certified Mail" and "First-Class Mail" where the South Carolina Rules of Civil Procedure require "register or certified mail, return receipt requested and delivery restricted to the addressee." S.C.R.C.P. 4(d)(8); *see also* ECF No. 53 at 7–9. In particular, the applicable rules state that if a defendant is a corporation or partnership, the summons and complaint must be mailed to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." S.C.R.C.P. 4(d)(3), (8). The evidence submitted by Walker-Bey demonstrates that the Beech Island mailings were delivered to the "front desk, reception area, or mail room[,]" according to the USPS tracking details, and Johnny Grant signed for them. [ECF No. 57 at 2.] On one date, "Security"

was written above Grant's signature. *Id.* As for the Irving, Texas mailings, those were delivered to a post office box according to the USPS tracking details provided by Walker-Bey. *Id.*

Walker-Bey argues that dismissal would be improper because his failure constitutes a mere "technicality." *Id.* at 3. The court disagrees. Walker-Bey has failed to comply with the rules, despite being given ample time and direction from the court to do so. The court cannot overlook his failure to properly serve Kimberly Clark. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Accordingly, his objections are overruled, and the court adopts the Report.

## CONCLUSION

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court adopts the Report, ECF No. 53, and incorporates the Report by reference herein. As a result, this matter is **DISMISSED WITHOUT PREJUDICE**. The court also **DENIES** Walker-Bey's motion for default judgment, ECF No. 52, as this case is dismissed.

**IT IS SO ORDERED.**

December 23, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge